# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessie Adams, | No. CV-26-00042-TUC-BGM |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Sergio Jimenez, | |
| Defendant. | |

On January 22, 2026, pro se Plaintiff Jessie Adams filed a Complaint for a Civil Case and an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form). (Docs. 1, 2.) The following day, the Clerk's Office mailed Plaintiff a Consent to Exercise of Jurisdiction by a United States Magistrate Judge form, a Notice to Pro-Se4 Non-Prisoner Parties Representing Themselves form, a Request by Non-Prisoner Pro Se Party for Electronic Noticing form, and a Notice to Self-Represented Litigant handout. (Docs. 3, 4.) The consent to Magistrate Judge jurisdiction form was mailed in a separate envelope. (*See* Doc. 7.) On February 10, 2026, and February 19, 2026, the mail was returned to the Clerk's Office as undeliverable. (*See* Docs. 6, 7.)

General Order 14-10 provides:

> In accordance with the Federal Rules of Civil Procedure, the Clerk's Office mails paper copies of documents filed by the Court to any unrepresented party who is not a registered ECF user. If the document is later returned as undeliverable by the United States Postal Service, the document is filed and entered on the docket using a returned mail event. The current practice is for

the Clerk's Office to continue mailing subsequent documents to the returned mail address, as no other address is available.

Effective immediately, the Court will discontinue the mailing of subsequent documents to unrepresented parties who are not registered ECF users in any case where documents have been returned twice by the United States Postal Service and no change of address has been filed.

General Order 21-25 provides:

When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge, … the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

Finally, Local Rule of Civil Procedure 83.3(d) requires that all unrepresented parties file a change of address notice "no later than fourteen (14) days before the effective date of the change."  LRCiv 83.3(d).

The docket indicates that the Clerk's Office does not have a valid mailing address for Plaintiff.  Mail sent to Plaintiff's last-known mailing address has been returned to the Clerk's Office on two separate occasions.  (*See* Docs. 6, 7.)  The docket also reflects that the undersigned Magistrate Judge does not have the full consent of the parties to Magistrate Judge jurisdiction.  It is the Plaintiff's duty to prosecute her claims, *Fid. Phila. Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978), and she has been forewarned of her responsibility to update the Court of any change of address pursuant to the Local Rules, (*see* Doc. 4 at 6).  As such, the Court declines to address the merits of Plaintiff's complaint and in forma pauperis application and instead recommends that the complaint be dismissed without prejudice for failing to follow a Court order.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("[T]he district court may dismiss an action for failure to comply with any order of the court.").

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Judge, after his independent review, issue an order DENYING Plaintiff's Complaint (Doc. 1) and DISMISSING this case WITHOUT PREJUDICE.  Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen (14) days of being served with a copy of this Report and Recommendation, and a party may respond to another party's objections within fourteen (14) days after being served with a copy.  No replies shall be filed unless leave is granted by the District Court. If objections are filed, the parties should use the following case number: **CV-26-42-RCC**. Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of de novo review.

Dated this 2nd day of March, 2026.


Honorable Bruce G. Macdonald
United States Magistrate Judge

- 3 -